IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| D. J. Donnelly, | ) | C.A. No. 8:18-643-HMH-JDA |
| | ) | |
| Plaintiff, | ) | **OPINION & ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Ben Davis, District 3 Commissioner, | ) | |
| Linda McDonald, General Counsel | ) | |
| SCDOT, Stephanie Jackson Amell, Traffic | ) | |
| Study Engineer, South Carolina Department | ) | |
| of Transportation, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Jacquelyn D. Austin, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] D. J. Donnelly ("Donnelly"), proceeding pro se and in forma pauperis, alleges a claim for negligence and seeks injunctive relief requiring Defendants to place a traffic light at a dangerous intersection. (R&R 4, ECF No. 21.) Magistrate Judge Austin recommends dismissing the complaint without prejudice and without issuance and service of process because Donnelly fails to demonstrate that the court has federal jurisdiction over his claim, Donnelly lacks standing to assert a claim for negligence, and

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1) (2006).

1

Defendants are entitled to Eleventh Amendment immunity. (Id., ECF No. 21.) After review, the court adopts the magistrate judge's Report and Recommendation.

Donnelly filed objections to the Report and Recommendation on May 30, 2018. (Objs., ECF No. 28.) Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Donnelly's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims. However, the court was able to glean one specific objection. Donnelly objects that the magistrate judge erred in finding that the Defendants were entitled to Eleventh Amendment immunity. (Objs. 1-2, ECF No. 28.) This objection is without merit.

The Eleventh Amendment bars suits by citizens against non-consenting states brought either in state or federal court. See Alden v. Maine, 527 U.S. 706, 712-13 (1999); Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996). The Supreme Court "has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." Edelman v. Jordan, 415 U.S. 651, 662-63 (1974). Eleventh Amendment immunity extends to arms of the state, including state agencies and instrumentalities. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984)

(finding "that in the absence of consent[,] a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment"); see also Regents of the Univ. of California v. Doe, 519 U.S. 425, 429 (1997) ("It has long been settled that the references to actions 'against one of the United States' encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities."). Exceptions to sovereign immunity apply where a state has given consent to be sued or where Congress abrogates the sovereign immunity of a state, however, neither applies in the instant case. See, e.g., McFadden v. Stirling, No. 2:15-cv-04144-JMC, 2017 WL 4875575, at *2 (D.S.C. Oct. 30, 2017) (unpublished).

The Eleventh Amendment bars Donnelly's negligence claim against the South Carolina Department of Transportation ("SCDOT") and its employees acting in their official capacities. "The Fourth Circuit has recognized that the South Carolina State Highway Department ('SCSHD') was protected by the Eleventh Amendment." Gregory v. South Carolina Dep't of Transp., 289 F. Supp. 2d 721, 724 (D.S.C. 2003) (citing Faust v. South Carolina State Highway Dep't, 721 F.2d 934, 936 (4th Cir. 1983)). The SCDOT "replaced the SCSHD for all practical purposes as of 1993." Id. (citing S.C. Code Ann. § 57-3-10). Further, the Defendants are employees of the State of South Carolina or its agencies working in their official capacities. Thus, the Defendants are entitled to Eleventh Amendment immunity. Moreover, Donnelly fails to demonstrate that the court has federal jurisdiction and lacks standing to assert a claim for negligence. Therefore, after a thorough review of the magistrate judge's Report and the record in this case, the court adopts Magistrate Judge Austin's Report and Recommendation.

Therefore, it is

**ORDERED** that Donnelly's complaint, docket number 1, is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED**.

                                                s/Henry M. Herlong, Jr.
                                                Senior United States District Judge

Greenville, South Carolina
June 1, 2018

**NOTICE OF RIGHT TO APPEAL**

The Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.